UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADAM BADRALDIYN,

                Petitioner,                      Case No. 1:26-cv-1162

v.                                        Honorable Robert J. Jonker

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.8.)

In an order entered on April 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 15, 2026. (ECF No. 4.)

## II.    Factual Background

Petitioner is a native and citizen of Sudan. (Notice to Appear (NTA), ECF No. 4-2, PageID.23.) Petitioner was admitted to the United States on or about October 5, 2019, as an Diversity Immigrant. (*Id.*)

On June 29, 2023, Petitioner was convicted of Criminal Sexual Conduct – Second Degree (Personal Injury) for an offense committed on April 24, 2022, and was sentenced to a term of imprisonment with the Michigan Department of Corrections (MDOC). (*Id.*; 2025 Form I-213, ECF No. 4-1, PageID.20.)

On October 2, 2025, ICE agents arrested Petitioner upon Petitioner's release from the MDOC. (2025 Form I-213, ECF No. 4-1, PageID.20.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with removability under § 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was "convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. (NTA, ECF No. 4-2, PageID.23.) Thereafter, on February 17, 2026, an Immigration Judge ordered Petitioner removed to Sudan. (Immigration Judge Order, ECF No. 4-3, PageID.30.) Petitioner did not appeal that order. (Pet., ECF No. 1, PageID.3.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that he is being improperly subjected to mandatory and prolonged detention pending removal. Respondents counter Petitioner's arguments by arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Here, Petitioner's order of removal became final on or about March 19, 2026. *See* 8 CFR § 1003.38. As a result, Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

3

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   April 22, 2026                      /s/ Robert J. Jonker
                                             Robert J. Jonker
                                             United States District Judge