UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADAM BADRALDIYN,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1162

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.8.)

In an order entered on April 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 15, 2026. (ECF No. 4.)

## II.    Factual Background

Petitioner is a native and citizen of Sudan. (Notice to Appear (NTA), ECF No. 4-2, PageID.23.) Petitioner was admitted to the United States on or about October 5, 2019, as an Diversity Immigrant. (*Id.*)

On June 29, 2023, Petitioner was convicted of Criminal Sexual Conduct – Second Degree (Personal Injury) for an offense committed on April 24, 2022, and was sentenced to a term of imprisonment with the Michigan Department of Corrections (MDOC). (*Id.*; 2025 Form I-213, ECF No. 4-1, PageID.20.)

On October 2, 2025, ICE agents arrested Petitioner upon Petitioner's release from the MDOC. (2025 Form I-213, ECF No. 4-1, PageID.20.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with removability under § 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was "convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. (NTA, ECF No. 4-2, PageID.23.) Thereafter, on February 17, 2026, an Immigration Judge ordered Petitioner removed to Sudan. (Immigration Judge Order, ECF No. 4-3, PageID.30.) Petitioner did not appeal that order. (Pet., ECF No. 1, PageID.3.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

### A.    Statutory Basis for Petitioner's Detention

The parties do not dispute that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.  However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment.   In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas*.

Under § 1231, Petitioner's detention is not unlawful. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed.  533 U.S. at 682.  In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal."  *Id.* at 699.  Therefore, the Court concluded that for post-removal-order detention to be authorized by the statute, the removal

itself must be reasonably foreseeable. *Id.* The Court indicated that this inquiry would vary from case to case and that there was no specific point in time at which the detention became constitutionally impermissible. *Id.* Still, to assist the lower courts in making the difficult judgment calls about when the detention was no longer authorized by the statute, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months has passed, though, the Court made clear that the alien may continue to be held unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner has not provided any evidence showing that his removal is not significantly likely to occur soon. In fact, the parties do not dispute that Petitioner's order of removal recently became administratively final on or about March 19, 2026, when the 30-day window for appealing the immigration judge's removal decision expired. *See* 8 CFR § 1003.38. As such, Petitioner has been in post-removal detention for only one month—which is within 90-day removal period requiring mandatory detention, and well within *Zavydas*'s "presumptively reasonable period of detention." 533 U.S. at 701. Thus, at this point in time, nothing in the record indicates that Petitioner is in a state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas*

said would violate the constitution.  *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded). To the contrary, everything indicates that petitioner's detention is reasonable.

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit.  "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701.  Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention.  *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation.  Petitioner's one-month-long post-removal detention is not unreasonable. At this point, it seems to the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future.  Accordingly, the petition will be denied without prejudice. Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    April 23, 2026                               /s/ Robert J. Jonker
                                                        Robert J. Jonker
                                                        United States District Judge